## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DEBBIE L. BARLOW,

                      Plaintiff,

v.                                    Case No.: 8:04-cv-2286-T-17TGW

CONAGRA FOODS, INC.,

                      Defendant.

_____/

## ORDER

      This cause is before the Court on Defendant, CONAGRA FOODS, INC.'s, motion for summary judgment, filed August 12, 2005 (Dkt. 14), and Plaintiff, DEBBIE L. BARLOW's, response thereto, filed September 23, 2005 (Dkt. 20).

### I. Background

      On October 18, 2004, DEBBIE L. BARLOW (BARLOW) filed this action against Defendant CONAGRA FOODS, INC. (CONAGRA) alleging sexual harassment and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Whistleblower Act. (Dkt. 1). CONAGRA answered the complaint on November 23, 2004 (Dkt. 4). CONAGRA moved for summary judgment on August 12, 2005 (Dkt. 14), and BARLOW filed a memorandum in opposition on September 23, 2005 (Dkt. 20). The following facts are accepted as true for the purpose of resolving the pending motion.

      CONAGRA employed BARLOW in its scanning department in Tampa, Florida. BARLOW complains that, beginning in May 2004, Tina Grimshaw (a female co-worker) touched BARLOW in inappropriate ways and made sexually inappropriate comments. BARLOW asserts that she complained of the unwanted conduct, which adversely affected her ability to perform her job. BARLOW complained of Grimshaw's unwanted sexual advances when she met with CONAGRA's human resources director, Richard Yates, as well as CONAGRA's vice president and controller, Dennis Reaves, on May 24, 2004. BARLOW further asserts that, during this meeting, Reaves threatened to fire

Case No.: 8:04-cv-2286-T-17TGW

BARLOW and Grimshaw if the two "did not work it out."  After the May 24 meeting, BARLOW claims that the unwanted touching and comments continued.  BARLOW asserts that she requested to be moved out of the scanning department, but that her request was denied.  Further, she asserts that, during the May 24 meeting, Reaves indicated that her promotion to the head of the scanning department was "still up in the air," even though she was offered the promotion prior to the meeting.  BARLOW claims that the unwanted touching and comments continued on May 25, 2004.

BARLOW then filed a Charge of Discrimination with the Equal Employment Opporunity Commission (EEOC) on May 26, 2004.  An unsuccessful mediation with the EEOC was held on July 1, 2004.  BARLOW claims that Reaves, Yates, and another woman called BARLOW into an office, where they accused her of talking about the mediation and asked her to sign a reprimand, which she refused to do.  BARLOW was then suspended from work on July 8, 2004.  BARLOW was not brought back to work after her suspension.  BARLOW filed an Amended Charge of Discrimination with the EEOC on September 2, 2004, which included an allegation that she had been terminated on July 8, 2004.

CONAGRA claims that it appropriately responded to BARLOW's May 24 complaint by meeting with Grimshaw, BARLOW, and their co-workers so that they could air any grievances they had.  CONAGRA asserts that, after this meeting, both BARLOW and Grimshaw indicated that their problems were resolved.  CONAGRA claims that BARLOW was placed on suspension for two reasons unrelated to her sexual harassment claim.  First, she disclosed information about the EEOC mediation, in violation of her confidentiality agreement.  Second, she used language that threatened violence against the company, which was particularly disturbing in light of a July 2, 2004, shooting at a CONAGRA plant in Kansas City.

CONAGRA asks this Court to grant its motion for summary judgment because of the non-existence of any material fact that would entitle BARLOW to recovery.  Specifically, CONAGRA asserts that BARLOW cannot establish a *prima facie* case of Title VII Sexual Harassment, unlawful retaliation under Title VII, or unlawful retaliation in violation of the Florida Whistleblower Act.  BARLOW rebuts each of these claims and

Case No.: 8:04-cv-2286-T-17TGW

contends that there exist genuine issues of material fact that require this Court to deny CONAGRA's motion for summary judgment.

## II. Standard of Review

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 322-324 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). There is no genuine issue of material fact if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party . . . ." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The evidence presented must be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from that party's evidence. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 249.

### III. Discussion

BARLOW has asserted three separate claims: (1) a Title VII claim for hostile work environment sexual harassment; (2) a Title VII claim for retaliatory discharge; and (3) a Florida Whistleblower Act claim. CONAGRA's motion for summary judgment addresses each of these claims, which are discussed below.

### Title VII Sexual Harassment Claim

BARLOW's first Title VII claim is one for hostile work environment sexual harassment. To establish a hostile work environment claim under Title VII, a plaintiff must show that: "(1) the plaintiff belongs to a protected group; (2) the plaintiff was subject to unwelcome sexual harassment; (3) that harassment was based on the plaintiff's sex; (4) the harassment was so severe and pervasive that it affected a term, condition or privilege of employment; and (5) there is a basis for employer liability." Scott v. Pizza

<u>Hut of America, Inc.</u>, 92 F. Supp. 2d 1320, 1323 (M.D. Fla. 2000).  CONAGRA asserts that BARLOW has failed to establish the fourth and fifth elements of her hostile work environment claim.

First, CONAGRA asserts that, even if BARLOW's allegations are true, Grimshaw's conduct was not sufficiently severe and pervasive that it affected a term, condition, or privilege of BARLOW's employment.  To support a claim for hostile work environment sexual harassment, the sexually objectionable activity must be both objectively and subjectively abusive.  <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 22-23 (1993).  Objective severity is judged using a reasonable person standard, considering all of the circumstances.  <u>Onacle v. Sundowner Offshore Servs., Inc.</u>, 523 U.S. 75, 81 (1998) (citing <u>Harris</u>, 510 U.S. at 23).  These circumstances include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  <u>Harris</u>, 510 U.S. at 17.

BARLOW's complaint with the EEOC alleged the following inappropriate conduct that occurred between May 8, 2004 and May 25, 2004:

> [A] female subordinate in my department has been subjecting me to unwelcome conduct of a sexual nature, which includes, but not limited to, hugging me, rubbing my shoulders, brushing my breast with her hand, getting close to me when she speaks to me, and whispering in my ear.

In her complaint, BARLOW also alleges inappropriate comments, such as, "I still love you."  Although Grimshaw's conduct may have been subjectively abusive to BARLOW, it did not rise to the level of objective severity that is required to succeed in a Title VII claim, even assuming the facts that BARLOW alleges.  <u>See</u> <u>Willets v. Interstate Hotels, LLC</u>, 204 F. Supp. 2d 1334 (M.D. Fla. 2002) (holding that  "hugging Plaintiff in a sexualized manner, rubbing Plaintiff's head and shoulders, frequently indicating that he loved Plaintiff, once kissing Plaintiff on the neck, once grabbing Plaintiff's buttocks, and once placing [a] hand on the inside of Plaintiff's thigh near his crotch" does not constitute severe or pervasive harassment that would support a Title VII claim); <u>Maddin v. GTE of Fla., Inc.</u>, 33 F. Supp. 2d 1027 (M.D. Fla. 1999) (holding that allegedly inappropriate activities, including playing with plaintiff's hair; calling her "gorgeous," "babe," "doll," "good-looking," "honey," "sweety," and "beautiful"; telling her, "You know, in another

Case No.: 8:04-cv-2286-T-17TGW

life you and I would have been lovers"; and placing a hand over her face and telling her to "shut up" did not amount to severe or pervasive harassment).

Because BARLOW cannot show that the inappropriate conduct that she complains of was "severe and pervasive," as a matter of law, she cannot succeed on her Title VII hostile work environment claim.

### Title VII Unlawful Retaliation Claim

BARLOW's second Title VII claim is one for unlawful retaliation.  She alleges that CONAGRA unlawfully retaliated against her for complaining of sexual harassment by disciplining her, denying her training for a promotion, suspending her, and terminating her.  CONAGRA asserts that it had a legitimate non-discriminatory reason for these actions.

For BARLOW to succeed on a Title VII unlawful retaliation claim, she must show that: "(1) [s]he engaged in statutorily protected expression; (2) [s]he suffered an adverse employment action; and (3) there is some causal relation between the two events."  Olmsted v. Taco Bell Corp., 141 F.3d 1457 (11th Cir. 1998) (citation omitted). The plaintiff need not prove the underlying claim of sexual harassment in order to succeed on her unlawful retaliation claim.  Tipton v. Canadian Imperial Bank of Commerce, 872 F.2d 1491, 1494 (11th Cir. 1989).  The plaintiff need only show that she believed in good faith that the employer's employment practices were unlawful and that such a belief was objectively reasonable.  Little v. United Technologies, 103 F.3d 956, 960 (11th Cir. 1997).

In this case, it is undisputed that BARLOW engaged in statutorily protected expression—complaining of sexual harassment.  Furthermore, it is undisputed that she suffered adverse employment actions.  However, the causal relation between the statutorily protected expression and the adverse employment actions is in contention. The burden-shifting analysis that must be applied to the causal link requirement is as follows:

> Once the prima facie case is established, the employer must proffer a legitimate, non-retaliatory reason for the adverse employment action. The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that the reason provided by the employer is a pretext for prohibited, retaliatory conduct.

Olmsted, 141 F.3d at 1460.  The causal link requirement is construed broadly; "a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated."  EEOC v. Reichhold Chems., 988 F.2d 1564, 1571 (11th Cir. 1993).

In this case, BARLOW asserted a *prima facie* case by asserting that she suffered adverse employment consequences because she complained about sexual harassment in the workplace.  CONAGRA responded with a non-retaliatory reason for firing BARLOW: a report from an employee that BARLOW made threats of violence in the workplace.  BARLOW claims that CONAGRA's asserted non-retaliatory reason is pretext.  She points to the deposition testimony of CONAGRA's Vice President and Controller, Dennis Reaves, who testified that BARLOW was suspended without pay on July 8, 2004, because of the need to investigate her Charge of Discrimination with the EEOC.  The Court, therefore, finds that BARLOW has met her burden of establishing, by a preponderance of the evidence, that CONAGRA's asserted non-retaliatory reason for firing her was pretextual.

Because there are genuine issues of material fact as to whether there was a causal link between BARLOW's statutory protected expression and CONAGRA's adverse employment actions, CONAGRA cannot prevail on its motion for summary judgment with regard to BARLOW's Title VII retaliatory discharge claim.

### Florida Whistleblower Act Claim

BARLOW's final claim is made under the Florida Whistleblower Act, which states that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has . . . [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."  Fla. Stat. § 448.102(3).  A plaintiff alleging a violation of the Florida Whistleblower Act must establish the same three elements that are required to establish a *prima facie* case of unlawful retaliation under Title VII.  Sierminski v. Transouth Financial Corp., 216 F.3d 945 (11th Cir. 2000).  However, unlike Title VII's unlawful retaliation provisions, the Florida Whistleblower Act requires the plaintiff to actually prove a violation of a law, rule, or regulation in order to succeed.  White v. Purdue

Case No.: 8:04-cv-2286-T-17TGW

<u>Pharma, Inc.</u>, 369 F. Supp 2d 1335, 1337-1339 (M.D. Fla. 2005) (construing the Florida Whistleblower Act to require an actual violation of a law, rule, or regulation).[1]

Because BARLOW's Title VII hostile workplace claim cannot survive summary judgment, there is no underlying violation of a law, rule, or regulation that supports her claim under the Florida Whistleblower Act.

### IV. Conclusion

**ORDERED** that Defendant's motion for summary judgment be **DENIED** as to Plaintiff's Title VII unlawful retaliation claim and **GRANTED** as to Plaintiff's Title VII hostile workplace sexual harassment and Florida Whistleblower Act claims.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 23rd day of November, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record

---

[1] Although BARLOW contests the precedential value of <u>White</u>, she does not offer a satisfactory explanation as to why it does not apply in this case.